UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PIERRE P. LEFRANC,

        Petitioner,

    v.                              Case No.:  2:26-cv-01771-SPC-KRH

WARDEN, SOUTH FLORIDA
DETENTION CENTER *et al*,

        Respondents,

                                            /

## **OPINION AND ORDER**

Before the Court are petitioner Pierre P. Lefranc's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Lefranc is a native of Haiti who was entered the United States on a six-month visa in May 1991.  Immigration and Customs Enforcement ("ICE") commenced removal proceedings in 2005, but they were terminated in 2008 so Lefranc could pursue his application for adjustment of status.  ICE commenced new removal proceedings in 2019 and released Lafranc on an order of recognizance.  On April 7, 2026, Lefranc was arrested on state charges, and ICE took him into custody.  On May 18, 2026, an immigration judge ordered Lefranc removed to Haiti.  Lefranc waived appeal, so the removal order is final.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on May 18, 2026. Thus, Lefranc's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Pierre P. Lefranc's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record